# Village of Cullom v. Drusillia Justice.

1. NEGLIGENCE—*Going upon a Sidewalk Known to be Out of Repair.*—It is not a conclusive question of law that a person is guilty of negligence in going upon a sidewalk merely because he knows it to be out of repair.

2. SIDEWALKS—*Right to Use, Although Known to be Out of Repair.*—Notwithstanding the fact that a person has knowledge that a sidewalk is out of repair he has the right to travel upon it if in so doing and under all circumstances he exercises the care of a reasonably prudent person.

3. EVIDENCE—*Circumstances Tending to Show Use of Ordinary Care.*—On the trial of an action for personal injuries it is not error to admit evidence showing that a street lamp was not lighted as one of the surrounding circumstances bearing upon the question of the plaintiff's care in the manner of traveling upon a sidewalk in the night, although the declaration does not charge the omission to light the lamp as a ground of negligence.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

C. C. STRAWN and A. C. NORTON, attorneys for appellant.

W. T. AMENT and N. J. PILLSBURY, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a case brought by the appellee against the appellant to recover damages for injuries received by appellee while walking along a defective sidewalk of the appellant, stepping into a hole and falling on the sidewalk and ground. It is alleged in the declaration that the appellant failed to perform its duty toward appellee in maintaining and keeping in good repair a certain sidewalk in the said village; that the appellant negligently suffered the planks in the sidewalk to be and remain in a broken condition, whereby portions of the planks of the said sidewalk were removed, leaving a hole in the sidewalk by means whereof

the plaintiff stepped into said hole and fell and was injured. The case was tried before a jury, and the trial resulted in a verdict for the appellee for one thousand dollars. Motion was made by appellant for a new trial and arrest in judgment, both of which were denied by the court, and judgment rendered on the verdict. Appellee was the wife of David Justice, and was fifty-two years old, and had lived in Cullom eight years, on Jackson street, which ran east and west, her house fronting to the south. The street was south of her lot, and there had been a sidewalk built on the north side of the street three years before; there was no sidewalk on the south side of the street. The evidence tended to show that appellant received her injury April 9, 1893, on this sidewalk, in the evening after church; when she received the injury she was coming west on Jackson street on the sidewalk; that when she was on the sidewalk opposite to the lot east of her dwelling, her foot went into the sidewalk, and she was thrown down; that there were two boards broken loose at the end, and they were out on the north side of the walk; that her right foot went into the hole and she fell her whole length on the sidewalk, causing injury and rupture, but there was no street lamp lighted that night; that it was a rainy night, sprinkling, but not raining very hard; that she knew that the boards were broken off, and had been all summer before that; that she tried to keep in the middle of the walk as near as she could, but it was so dark that she could not see; that she was walking slowly. The result of the injury was great suffering of pain, restlessness, black spots on her knees, and her knee badly swollen. On her left side on the lower part of the bowels, her bowels came through under the lining of the skin in a large bunch, and she was confined to her bed; before she was hurt she was able to do her own work; her family consisted of her husband, a boy and a boarder; after she was hurt she did her own cooking, but not her washing and ironing; she got worse up to January, and then had an operation performed. The doctor cut open her side and sewed up the lining of her bowels again. Since then she

suffers if she works hard but her bowels don't come down. She used to do all her washing and baking in one day, but after the injury she could scarcely do anything but what she has to lie down on the lounge. The appellee when on the witness stand was asked, " How long have you known that lamp to be on the corner before you were injured ? " The appellee was allowed to answer this question against the objections and exceptions of the appellant, and answered that it had been there some time, but she did not know how long.

The evidence tended to show that this defect had been in the sidewalk at the point where the injury occurred as well as other defects in that vicinity since January preceding the accident. The appellant was a village of about three hundred people. It is claimed by the appellant that the evidence fails to support the verdict of the jury, both as to the negligence of the city in not keeping the sidewalk in good repair, and that the appellee was negligent in going on the sidewalk knowing it to be out of repair. It is also insisted that appellee's experience about a year previous in childbirth furnishes a reasonable theory for the cause of the rupture of which she now complains.

These were all facts to be tried by the jury, and after a careful examination of the evidence we are satisfied that the verdict of the jury was fully sustained thereby. Appellant's counsel argues at some length from the evidence that the appellee was negligent, and that the injury was the result of childbirth. We do not think it necessary to go into a critical examination of the evidence on these points, but as before stated the jury was justified in finding for appellee. It is not a conclusive question of law that appellee would be negligent by going upon the sidewalk merely because she knew it was out of repair. Notwithstanding this fact she would have a right to travel on the sidewalk, if in doing so and under all circumstances she was exercising the care of a reasonably prudent person, and this like every other question of fact was for the jury. This is a principle so well established that no authorities need be cited.

Quite a number of objections are made to the introduction of evidence in favor of appellee allowed by the court; some of the objections are so unsubstantial that they need not be noticed. The objection that she was allowed to testify that the street lamp was not lighted because the declaration did not charge that as a ground of negligence on the part of the appellant is not well taken. This was one of the surrounding circumstances that the jury might take into account bearing upon the question of the appellee's care in the manner of her traveling on the sidewalk and also in her going on it, and it was not introduced or relied upon as a ground of recovery. We do not deem it necessary to notice any further objections to the evidence.

We think the appellant's objection to the instruction of appellee are not well taken. It is objected to appellee's second instruction that it assumes that appellee was injured on the walk, and that her injuries were the result of such fall. We do not think the instruction bears such an interpretation, or that the jury was misled by it. The instruction was only intended to inform the jury of the law that she had a right to go onto the sidewalk notwithstanding the fact she knew that it was defective, provided she was not guilty of negligence in doing so, and this could easily be seen by the jury from the reading of the instruction. There was no error in the modification made by the court in appellant's tenth and fifth instructions. The modification of the appellant's eleventh instruction is particularly relied on as error. It is as follows: "Even if you should believe from the evidence that the walk was in a defective condition, and if Mrs. Justice did fall on the same in consequence of such defective condition from the evidence *that she was not injured thereby*, and that her subsequent and present condition is in fact the result of some other disorder, and that she is erroneously claiming that her present condition is the result of such fall, then you should not allow her anything for such condition." The above italicized words was the modification made by the court complained of. In the first place the instruction announced almost a self-evident proposition which

the jury would readily understand without an instruction. but as it was first drawn, it was not clear that it did not deprive the jury of the right to give damages for the injury received and not connected with her then present condition, and the modification was apparently made to cover that point. The modification did not injure the instruction so far as appellant's counsel was trying to tell the jury through the court that the appellee could not recover for injuries not the result of the fall, so we see no error in the modification. We see no error on the part of the court in refusing several duplicate instructions. So far as the action of the court is concerned in such refusal it is to be commended. Seeing no error in the record the judgment of the court below is affirmed. ·